(45 Misc. 397)

## HALTERMAN v. LEINING.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BROKERS—COMMISSIONS—EFFECTIVENESS OF BROKER'S EFFORTS.

Where a real estate broker was not acquainted with the purchaser, and did not introduce him to the seller, the effectiveness of the broker's instrumentality in bringing about the sale must be affirmatively proved to entitle the broker to commissions.

2. SAME.

In an action for broker's commissions, evidence reviewed, and *held* insufficient to establish that the sale was accomplished through plaintiff's efforts.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action for broker's services by J. Fred Halterman against Lewis Leining. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Davis & Williams, for appellant.
George M. S. Schulz, for respondent.

BISCHOFF, J. The plaintiff's employment as a broker to effect a sale of the defendant's property was conceded, and the question which this appeal presents is whether the finding of the justice that the sale resulted from the plaintiff's efforts as the procuring cause has sufficient support in the evidence. In our opinion, the cause of action was not proven by the weight of the evidence, and a new trial should be had in furtherance of substantial justice. It appears that after the plaintiff was employed to sell the defendant's house he caused certain advertisements to be inserted in the newspapers, and wrote some letters to Mr. Diederich, the party who subsequently entered into a contract to purchase the premises; plaintiff's attention having been attracted by this person's advertisement of himself as an intending purchaser of property of this character. The plaintiff never saw Mr. Diederich, and received no replies to his letters, nor is there proof that he in any way apprised the defendant of the fact that Mr. Diederich was a person deemed to be introduced to the latter through his (plaintiff's) efforts. It is true that the plaintiff wrote a letter to the defendant, in which, according to his testimony, he named Mr. Diederich as one of the possible purchasers whom he was endeavoring to secure; but this letter the plaintiff admits having opened himself at the defendant's house in the latter's absence, but in the presence of his

wife, whose authority to consent to such a course was in no way made to appear. What became of the letter thereafter is something as to which the record is not clear, but the defendant denies having received it, and there is no presumption that he did, in view of the plaintiff's interference with its transmission in the ordinary course. The plaintiff's case depends upon the strength of an inference sought to be drawn that Mr. Diederich, the purchaser, was led by the plaintiff's letter to come into communication with the defendant, and that the resulting contract of sale was due to the plaintiff's efforts. This inference, however, is wholly opposed to credible and uncontradicted testimony, Mr. Diederich having testified that he did not recall ever receiving any letters from the plaintiff regarding the property, and that he first became advised of the fact that it was for sale through information given him by the janitor. The fact that this purchaser was an interested witness by reason of his engagement with the seller to pay any broker commissions, if due, certainly cannot be taken as ground for wholly discrediting him, where his testimony is not opposed to any other proof or the probabilities of the case; and yet the resulting judgment for the plaintiff must have proceeded upon the arbitrary rejection of his testimony and the acceptance of an inference that, because the plaintiff wrote to the purchaser, notwithstanding that no correspondence followed, the act of writing and sending the letter caused the buyer and seller to come together. Where, as in this case, the broker is not acquainted with the purchaser, and did not introduce the latter to the seller, the effectiveness of the broker's instrumentality in bringing about the sale must affirmatively appear if commissions are to be recovered (Sussdorff v. Schmidt, 55 N. Y. 319, 322); and in our view the facts of this case in no way meet this test.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.